UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:
THOMAS ALLEN CHELSEY                    Bankr. Case No. 8:11-bk-13785-KRM
_____/

THOMAS ALLEN CHELSEY,

    Appellant,
                                           Bankr. Adv. No. 8:14-ap-0490-KRM
v.                                             Case No. 8:16-cv-2445-T-27

GUY B. GEBHARDT,

    Appellee.
_____/           Consolidated with:

THOMAS ALLEN CHELSEY,

    Appellant,
                                           Bankr. Adv. No. 8:14-ap-0644-KRM
v.                                             Case No. 8:16-cv-2446-T-27

SUSAN K. WOODWARD,

    Appellee.
_____/           Consolidated with:

THOMAS ALLEN CHELSEY,

    Appellant,
                                             Bankr. Adv. No. 8:15-ap-0474-KRM
v.                                             Case No. 8:16-cv-2447-T-27

SUSAN K. WOODWARD,

    Appellee.
_____/

## **ORDER**

This is a consolidated appeal. Appellant, proceeding *pro se*, argues that the Bankruptcy Court

erred in striking notices of appeal he filed in three adversary proceedings. Upon consideration, the orders of the Bankruptcy Court are **AFFIRMED**.

This appeal arises from three bankruptcy adversary proceedings initiated by Appellees. (8:14-ap-490-KRM; 8:14-ap-644-KRM; 8:15-ap-474-KRM). Following entry of final judgment in each proceeding, Appellant filed notices of appeal, without paying the required filing fees, that listed the final judgments and dozens of other orders. (8:14-ap-490-KRM, Dkt. 177; 8:14-ap-644-KRM, Dkt. 117; 8:15-ap-474-KRM, Dkt. 182). The Bankruptcy Court *sua sponte* entered an "Order Striking Notice of Appeal" in each proceeding. (8:14-ap-490-KRM, Dkt. 178; 8:14-ap-644-KRM, Dkt. 118; 8:15-ap-474-KRM, Dkt. 183). The Bankruptcy Court noted, with the exception of the final orders and judgments, that each of the orders Appellant listed in the notice were well outside the fourteen-day appeal period. (*Id.*). The Bankruptcy Court ordered that "[w]ithin 14 days of the date of this order . . . [Appellant] shall file a separate Notice of Appeal, along with the prescribed filing fee, as to each order entered within the 14 day appeal period that he wishes to appeal." (*Id.*).

The United States District Court for the Middle District of Florida issued two administrative orders conferring authority on the bankruptcy courts to dismiss notices of appeal that are untimely on their face under FED. R. BANKR. P. 8002 and to conditionally dismiss notices of appeal for failure to pay the filing fees required by 28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule. *See In re Protocol for Processing Untimely Bankruptcy Appeals*, No. 96-118-MISC-T (M.D. Fla. Sept. 25, 1996); *In re Protocol for Processing Bankruptcy Appeals without Payment of Filing Fees*, No. 96-119-MISC-T (M.D. Fla. Sept. 25, 1996). The administrative orders allow "[a] party in interest aggrieved by the entry" of the bankruptcy court's order to "file in the bankruptcy court a motion for review by the district judge . . . . within 10 days of the date of entry of the order."

96-118-MISC-T; 96-119-MISC-T. Appellant's notices of appeal are construed as motions for review under these administrative orders.

The bankruptcy court's dismissal of the notices of appeal is reviewed *de novo* as a determination of law. *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam). Appellant's primary contention is that the Bankruptcy Court lacked authority to strike his notices of appeal. *See, e.g.*, (Appellant's Initial Brief, 8:16-cv-2447-T-27, Dkt. 8 at p. 1). This contention is without merit. The Bankruptcy Court's orders striking Appellant's notices of appeal are authorized by and conform with the administrative orders. *See* 96-118-MISC-T; 96-119-MISC-T. Accordingly, the Bankruptcy Court did not err in exercising its authority to strike the notices of appeal.

Appellant also expresses concern that the Bankruptcy Court's orders bar him from appealing interlocutory orders entered in the adversary proceedings. *See, e.g.*, (Appellant's Initial Brief, 8:16-cv-2447-T-27, Dkt. 8 at pp. 8-9). His concern is unfounded. Interlocutory orders merge into the final judgment and are reviewable on appeal from the judgment. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989); *Aaro, Inc. v. Daewoo Int'l (Am.) Corp.*, 755 F.2d 1398, 1400 (11th Cir. 1985). And an appellant in a bankruptcy case does not waive the right to have an issue heard on appeal unless he fails to include it in the statement of the issues on appeal. FED. R. BANKR. P. 8009(a)(1); *see also In re FFS Data, Inc.*, 776 F.3d 1299, 1306 n.7 (11th Cir. 2015) (holding that an issue is waived if it is not at least inferable from the statement of issues on appeal).[1]

---

[1] This consolidated appeal tolled the time for Appellant's compliance with the Bankruptcy Court's orders under the review process set forth in the administrative orders. *See* 96-118-MISC-T; 96-119-MISC-T. Appellant may refile notices of appeal from the final judgments in each adversary proceeding, with the required filing fees, in accordance with the schedule set by the Bankruptcy Court. From the record, it appears Appellant may have attempted to pay the filing fees for his appeals from the final judgments. *See* (Appellee's Brief, 8:16-cv-2445-T-27, Dkt. 12 at p. 10 n.6) (acknowledging that the "docket in the Main Case reflects that on September 16, 2016 . . . [Appellant] paid $894.00 in filing fees" and that the docket references appeals in each adversary proceeding). The question of whether Appellant has already paid the filing fees will need to be addressed should he choose to refile his appeals from the final judgments.


Accordingly, the orders of the Bankruptcy Court (8:14-ap-490-KRM, Dkt. 178; 8:14-ap-644-KRM, Dkt. 118; 8:15-ap-474-KRM, Dkt. 183) are **AFFIRMED**. Any and all pending motions in case numbers 8:16-cv-2445-T-27, 8:16-cv-2446-T-27, and 8:16-cv-2447-T-27 are **DENIED** as moot. The Clerk is directed to close these cases.

**DONE AND ORDERED** this 23rd day of March, 2017.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to: Appellant and Counsel of Record